UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BRIAN CASEY DAVIS,

    Plaintiff,

v.                                             Case No. 3:19cv469-LC-HTC

OKALOOSA COUNTY JAIL, et al.,

    Defendants.
_____/

REPORT AND RECOMMENDATION

This case is before the Court on Plaintiff's second amended civil rights complaint, filed pursuant to 42 U.S.C. § 1983. ECF Doc. 15. From a review of the complaint, it is evident the facts as presented fail to state a Fourteenth Amendment claim against Defendant Corizon and fail to state a claim for negligence against any Defendant. The undersigned, therefore, recommends that Plaintiff's negligence claims and Fourteenth Amendment claim against Corizon be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and this case be allowed to proceed against Defendants Delgado, Priddy and Roy.

    I.    Background

Plaintiff Brian Casey Davis, proceeding *pro se* and *in forma pauperis*, is a pretrial detainee at the Okaloosa County Jail. His second amended complaint names four (4) Defendants: Corizon Health, Inc. ("Corizon"), Dr. Nicholas Delgado, Nurse

Lisa Roy and HSA Priddy. ECF Doc. 15 at 1-2. The complaint sets forth the factual allegations which follow, the truth of which are accepted for purposes of this Report and Recommendation.

On December 8, 2018, an inmate at the Okaloosa County Jail attacked Plaintiff. *Id.* at 5. Plaintiff was taken to the medical department, where medical staff determined Plaintiff's jaw was broken. *Id.* Plaintiff was transported to Santa Rosa Medical Center, then to Sacred Heart Hospital in Pensacola. *Id.* There, doctors surgically repaired Plaintiff's jaw with two (2) titanium plates and eleven (11) screws. *Id.* The surgeon ordered Plaintiff to follow up in one week. *Id.*

Seven days passed and Plaintiff "never was returned to the oral surgeon as directed[.]" *Id.* "About two weeks after surgery, the plate snapped and became very painful." *Id.* Around December 23, 2018, Plaintiff "began to put in sick call slips"; Plaintiff "put in two or three per week and began to place medical grievances to only be ignored and denied care." *Id.* "The sick call slips and medical grievances requested to be seen for the increasing pain in [Plaintiff's] jaw and for the scheduling of [his] follow up appointment." *Id.*

"Three weeks later [Plaintiff] was seen by an LPN who told [him] it is not [his] jaw but an ear infection because of [his] swollen lymph nodes." *Id.* "Three days later they gave [Plaintiff] amoxicillin for the alleged ear infection and placed [him] on the list to see the jail doctor Nicholas Delgado." *Id.* at 6. When Plaintiff

saw Dr. Delgado on January 18, 2019, he "explained to him that [he] never was taken to [his] follow-up appointment and of [his] increasing pain after the snap of the plate." *Id.* "Dr. Delgado stated[,] 'I don't think that there is anything wrong with you, the surgeon did the best he could do.'" *Id.* "After grieving this numerous times [Plaintiff] was taken to [his] follow-up appointment three weeks later" in February. *Id.* Plaintiff "was given an x-ray and it was determined that the plate in [his] jaw [had] snapped." *Id.*

"Upon arrival back at the jail from this appointment, [Plaintiff] was taken to medical and talked with Dr. Delgado and told him that the plate was broken." *Id.* Plaintiff "went back to the pod." *Id.* "A few hours later [Plaintiff] was called back up to talk with HSA Ms. Priddy and Dr. Delgado. [Plaintiff] informed them of [his] pain and they told [him] that they would set an appointment to have the plate removed." *Id.* Several months passed and "in May [Plaintiff] went to see HSA Priddy." *Id.*

Plaintiff alleges: (1) "on information and belief when a prisoner files a grievance, the grievance staff forwards all medical grievances to Defendant Lisa Roy, RN"; (2) Priddy and Delgado "are responsible for medical care generally and for arranging for specialized medical care outside the jail"; (3) Priddy and Delgado "acted with deliberate indifference because they had gotten information from the oral surgeon of [his] pain and of the substantial risk of leaving the broken plate

unattended"; and (4) "[t]hrough information and belief, [Corizon's] policy is to give low priority to the medical needs of pretrial inmates." *Id.* at 6-7.

Based on the foregoing, Plaintiff alleges the Defendants violated the Fourteenth Amendment by failing to provide him with proper follow-up care for his surgically-repaired jaw.[1] *Id.* at 8. Plaintiff also alleges the Defendants are liable for negligence under Florida law. *Id.* As relief, Plaintiff seeks a declaratory judgment, as well as compensatory and punitive damages. *Id.*

   II.   Legal Standard

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss his complaint, or any portion thereof, if it determines it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A. The Court must read Plaintiff's *pro se* allegations in a liberal fashion. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil

---

[1] As a pretrial detainee, Plaintiff's claims fall under the Fourteenth Amendment. Nevertheless, because the standards governing the claims of pretrial detainees are the same as those applicable to convicted prisoners under the Eighth Amendment, the Court will reference the Eighth Amendment throughout this Report and Recommendation. *See Cottrell v. Caldwell*, 85 F.3d 1480, 1490 (11th Cir. 1996) ("Claims involving the mistreatment of arrestees or pretrial detainees in custody are governed by the Fourteenth Amendment's Due Process Clause instead of the Eighth Amendment's Cruel and Unusual Punishment Clause, which applies to such claims by convicted prisoners. However, the applicable standard is the same, so decisional law involving prison inmates applies equally to cases involving arrestees or pretrial detainees.") (citations omitted).

Procedure 12(b)(6).  *See Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997).

   III.   Discussion

       A.   Fourteenth Amendment

"To prevail on a deliberate indifference to serious medical need claim, Plaintiffs must show: (1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306-07 (11th Cir. 2009) (citation omitted).  Furthermore, "to impose § 1983 liability on [Corizon], a plaintiff must show: (1) that his constitutional rights were violated; (2) that [Corizon] had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation."  *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004) (citation omitted).

Here, the only allegation regarding Corizon is that, upon "information and belief," Corizon's "policy is to give low priority to the medical needs of pretrial inmates," and this policy violates Plaintiff's Fourteenth Amendment rights. Plaintiff's second amended complaint does not include factual content sufficient to raise his right to relief above the speculative level because it describes only a single incident of a pretrial detainee not receiving treatment.  *See Depew v. City of St. Marys, Ga.*, 787 F.2d 1496, 1499 (11th Cir. 1986) ("To establish a policy or custom, it is generally necessary to show a persistent and wide-spread practice.").  His

allegation regarding Corizon is too vague and conclusory to state a valid claim under § 1983 and, thus, the claim should be dismissed. *See Grider v. Cook*, 522 F. App'x 544, 547-48 (11th Cir. 2013) (affirming dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim because plaintiff "did not provide any specific facts about any policy or custom that resulted in his alleged constitutional deprivation"); *see also Floyd v. City of Miami Beach*, 730 F. App'x 838, 842 (11th Cir. 2018) (affirming dismissal under § 1915(e)(2)(B)(ii) and stating, "[b]esides his own experience, Floyd offers only broad, conclusory allegations about the City's policies or customs. That is not enough. First, Floyd's own experience is inadequate by itself because a single incident of a constitutional violation is insufficient to prove a policy or custom even when the incident involves several employees of the municipality. Second, Floyd's conclusory allegations and his formulaic recitation of the elements of a cause of action are insufficient to state a plausible claim to relief.") (alteration, citations, quotations omitted).

Plaintiff has been provided two opportunities to amend his complaint to state a claim against Corizon. In ECF Doc. 11, Plaintiff was advised his claim, as pled in his initial complaint, did not state a cause of action against Corizon because he "ha[d] not alleged facts suggesting Corizon had a policy or custom that led to a violation of his constitutional rights." ECF Doc. 11 at 10. Plaintiff then filed an amended complaint alleging that "upon information and belief [Corizon's] policy [is] to give

low priority to the medical needs of pre-trial detainees." ECF Doc. 13 at 5. The Court entered an order allowing Plaintiff a second opportunity to more carefully craft his complaint to allege "facts sufficient to support the existence of such a policy." ECF Doc. 14. Plaintiff, however, does not include any such facts in his second amended complaint. Plaintiff was also instructed that "additional amendments may not be allowed and that his failure to submit a second amended complaint that cures the deficiencies outlined in this order may result in a recommendation of dismissal." Because Plaintiff has had two opportunities to amend his complaint to state a claim against Corizon, the undersigned finds that an additional opportunity to amend is futile. *See Helm v. Liem*, 523 F. App'x 643, 646 (11th Cir. 2013) (district court need not allow an amendment where amendment would be futile).

      B.    Negligence

Under Florida law, a "'claim for medical negligence' or 'claim for medical malpractice' means a claim, arising out of the rendering of, or the failure to render, medical care or services." Fla. Stat. § 766.106(1)(a). "Before a plaintiff files a medical negligence claim against a physician in Florida, he 'must mail to the prospective defendants a notice of intent to initiate litigation and a medical expert affidavit.'" *Gross v. White*, 340 F. App'x 527, 532 (11th Cir. 2009) (quoting *Michael v. Med. Staffing Network, Inc.*, 947 So. 2d 614, 618 (Fla. 3rd DCA 2007)). Because Plaintiff does not allege he complied with the pre-suit notice and investigation

requirements under Florida law, his negligence claims should be dismissed. *See id.* (affirming district court's dismissal of medical negligence claim under Florida law because plaintiff did not allege he mailed the defendant a notice of intent to initiate litigation and medical expert affidavit).

Accordingly, it is ORDERED:

1. Within **twenty-one (21) days** of the date of this order, Plaintiff shall submit to the Court three (3) service copies of his second amended complaint (ECF Doc. 15). The service copies must be identical to the second amended complaint filed with the Court. This case number should be written on the copies.

2. The clerk shall prepare Notice of a Lawsuit and Request to Waive Service of a Summons (For Use by Prisoners and Pro Se Plaintiffs Proceeding In Forma Pauperis) forms for Defendants Dr. Nicholas Delgado, HSA Priddy and Nurse Lisa Roy.[2] The clerk shall send the forms to Plaintiff.

3. Within **twenty-one (21) days** of the date of this order, Plaintiff shall **sign** and **return to the clerk** the Notice of a Lawsuit and Request to Waive Service of a Summons form for each Defendant. Plaintiff shall make no other modifications to the forms.

And it is RECOMMENDED:

---

[2] The clerk shall fill in the caption, the case number and the name of the Defendant on the form. Additionally, the clerk shall fill in "30" in the space indicating the number of days within which the Defendant must return the signed waiver.

Case No. 3:19cv469-LC-HTC

1.	That Plaintiff's negligence claims against Defendants Corizon, Delgado, Priddy and Roy be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) due to Plaintiff's failure to state a claim on which relief may be granted.

2.	That Plaintiff's Fourteenth Amendment claim against Defendant Corizon be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) due to Plaintiff's failure to state a claim on which relief may be granted.

3.	That this case be referred to the undersigned for further proceedings on Plaintiff's Fourteenth Amendment individual capacity claims against Defendants Delgado, Priddy and Roy.

At Pensacola, Florida, this 23rd day of August, 2019.

*/s/ Hope Thai Cannon*
**HOPE T. CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.