UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BRIAN CASEY DAVIS,

    Plaintiff,

v.                                        Case No. 3:19cv469-LC-HTC

OKALOOSA COUNTY JAIL, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This case is before the Court on Plaintiff's Motion for a Temporary Restraining Order and a Preliminary Injunction. ECF Doc. 3. After reviewing the motion, the undersigned recommends that it be DENIED.

In this action, Plaintiff alleges: (1) another inmate at the Okaloosa County Jail broke Plaintiff's jaw during an altercation on December 8, 2018; (2) a doctor surgically repaired Plaintiff's jaw at Sacred Heart Hospital in Pensacola; (3) he has experienced complications following the surgery; and (4) the Defendants provided him with inadequate post-surgery care at the jail. ECF Doc. 15. Through his motion for injunctive relief, Plaintiff asks the Court to order the Defendants to send him to a doctor to receive follow-up treatment for his surgically-repaired jaw. ECF Doc. 3 at 1.

The grant or denial of a temporary restraining order or a preliminary injunction "is a decision within the discretion of the district court." *Carillon Imps., Ltd. v. Frank Pesce Int'l Grp. Ltd.*, 112 F.3d 1125, 1126 (11th Cir. 1997) (citing *United States v. Lambert*, 695 F.2d 536, 539 (11th Cir. 1983)). In determining whether a temporary restraining order or preliminary injunctive relief should be granted, the Court considers whether the movant has established: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005) (citations omitted).

Here, Plaintiff has not established a substantial likelihood of success on the merits. Although the undersigned finds that Plaintiff's allegations against Defendants Delgado, Priddy and Roy are sufficient to survive preliminary screening under 28 U.S.C. § 1915(e)(2)(B), the allegations are not so detailed and persuasive as to suggest Plaintiff will ultimately prove Defendants exhibited deliberate indifference to a serious medical need. *See Schiavo*, 403 F.3d at 1226 ("Controlling precedent is clear that injunctive relief may not be granted unless the plaintiff establishes the substantial likelihood of success criterion.") (citations omitted); *All Care Nursing Serv. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir.

1989) ("A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites.") (citation and quotations omitted).

Additionally, the allegations Plaintiff makes in his motion for injunctive relief are inconsistent with allegations in the second amended complaint and could indicate the motion is moot. Plaintiff's motion, dated March 3, 2019, claimed Plaintiff had not been seen by an outside specialist since his December 2018 surgery. In his second amended complaint, however, Plaintiff now admits he went to a follow-up appointment and had x-rays taken in February 2019. ECF Doc. 15 at 6. Furthermore, unlike previous versions of the complaint, the second amended complaint does not include a request for injunctive relief. *Id.* at 8. Because Plaintiff has received the follow-up appointment requested in his motion, it appears the motion is moot.

Accordingly, it is RECOMMENDED:

That Plaintiff's Motion for a Temporary Restraining Order and a Preliminary Injunction (ECF Doc. 3) be DENIED.

At Pensacola, Florida, this 23rd day of August, 2019.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.